J-S17018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :  PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| MICHAEL TYREE LEWIS | : |
| | : |
| Appellant | : No. 2914 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 16, 2025
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003007-2021

BEFORE:  PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 30, 2026**

Appellant, Michael Tyree Lewis, appeals from the judgment of sentence imposed on October 16, 2025, by the Court of Common Pleas of Chester County following revocation of his probation.  Counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we deny counsel's application without prejudice and direct counsel to file either a new petition to withdraw and new brief pursuant to ***Anders*** or a properly developed advocate's brief.

On February 9, 2022, Appellant plead guilty to retail theft, graded as a first-degree misdemeanor.  He was sentenced to three years of probation and ordered to pay restitution in the amount of $2,524.02.  Chester County Adult Probation and Parole Office ("APO") filed a petition for revocation on August

_____

[*] Retired Senior Judge assigned to the Superior Court.

26, 2022, asserting that Appellant violated his probation when he was charged with a new offense in Upper Moreland Township (small amount of marijuana) and that he failed to make a restitution payment. A second petition for revocation was filed on September 7, 2022, asserting that Appellant again violated his probation when he was charged with additional offenses in Montgomery Township (three counts of retail theft and receiving stolen property).

A **Gagnon I**[1] hearing was held on September 14, 2022. A **Gagnon II** hearing was scheduled for September 16, 2022, but was continued until disposition of the new charges.

On May 7, 2024, APO filed a third petition for revocation asserting (1) Appellant's Upper Moreland Township charge was dismissed; (2) Appellant was sentenced to two years of probation for retail theft (Montgomery Township); and (3) Appellant received new charges that were pending in Delaware County (retail theft) and Philadelphia County (murder, firearms and related offenses).

Following a hearing on October 16, 2025, the court revoked Appellant's probation and sentenced him to six to 36 months of incarceration, consecutive to his Philadelphia County sentence (CP-51-CR-5054-2024). Appellant filed a timely post-sentence motion claiming that this sentence "was unduly harsh given the lengthy incarceration he is already serving" in Philadelphia County.

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Motion to Reduce Violation of Probation Sentence, 10/24/25. The court denied the motion and this timely appeal followed. Both the court and Appellant have complied with Pa.R.A.P. 1925. Thereafter, counsel filed an application to withdraw and an *Anders* brief, concluding that this appeal was frivolous.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to *Anders*, counsel must:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;

(2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). The *Anders* brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id.***

"This Court first considers the issues raised by counsel in the ***Anders*** brief and determines whether they are in fact frivolous." ***Commonwealth v. Weitzel***, 304 A.3d 1219, 1224 (Pa. Super. 2023) (citing ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196-1197 (Pa. Super. 2018) (*en banc*)). "[I]f the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel." ***Id.***

Here, counsel has satisfied the first requirement of ***Anders*** by filing a motion to withdraw, wherein he stated that he made a conscientious review of the record and determined the appeal would be frivolous. However, counsel's ***Anders*** brief does not comply with the requirements set forth in ***Santiago***, and therefore, is substantively defective.

Appellant challenges the discretionary aspects of his sentence and asserts that the court imposed a sentence that was manifestly excessive so as to constitute too severe a punishment. Ander's Brief, at 9. Prior to being resentenced, Appellant was sentenced in Philadelphia County to an aggregate term of 10 to 20 years of incarceration for third-degree murder. ***Id.*** In the instant case, following a revocation, the court imposed a sentence of six to 36 months of incarceration consecutive to Appellant's Philadelphia County

- 4 -

sentence. *Id.* He contends that by doing so, the court's aggregate sentence of 10 ½ to 23 years was excessive. *Id.*

In determining that the appeal was frivolous, counsel stated that the court was not bound by the sentencing guidelines, and "was only limited to the statutory maximum term of confinement available at the time of the original sentencing[.]" *Id.* at 12. He further states that the court may impose a sentence of total confinement following revocation of probation in the following circumstances: (1) conviction of a new crime; (2) defendant's conduct is such that he will likely commit a new crime unless jailed; or (3) such a sentence is essential to vindicate the authority of the court. *Id.* at 13 (citing *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

This is not an accurate statement of the law. On June 13, 2019, the Commission on Sentencing adopted the Resentencing Guidelines, and they became effective on January 1, 2020. *See* 204 Pa. Code § 307.1-307.4 (Resentencing Guidelines for 7th Edition Sentencing Guidelines; Amendment 2); 49 Pa.B. 5206. "The Resentencing Guidelines shall apply to revocations of probation for all offenses committed on or after January 1, 2020." 204 Pa. Code. § 307.2(b). "Amendments to the Resentencing Guidelines shall apply to revocations of probation for all offenses committed on or after the effective date of the amendment." *Id.*

In the present case, Appellant committed the offense of retail theft on or about July 28, 2021. As such, the Resentencing Guidelines for 7th Edition Sentencing Guidelines, Amendment 1 apply to the instant case. 204 Pa. Code

§ 307.2(b)(2). Where the revocation is based on a direct violation (new conviction) or a combination of direct and technical violations,

> the resentencing guidelines shall begin with the initial sentencing guidelines . . . and include consideration of the following:
>
> > (1) If the PRS [prior record score] category of the initial sentencing guidelines is PRS 0 through PRS 4, the PRS is increased by one category;
> >
> > (2) If the PRS category of the initial sentencing guidelines is PRS 5, RFEL, or REVOC, there is no change to the PRS category.
>
> Consideration shall be given to any service of the original sentence.

204 Pa. Code § 307.3(b), (c) (effective January 1, 2021, to December 31, 2023).

Additionally, Act 44, which amended multiple provisions of the Sentencing Code pertaining to probation, took effect on June 1, 2024. *See* § 3 of 2023, Dec. 14, P.L. 381, No. 44. Our General Assembly indicated that the amendments to Section 9771 "apply to individuals sentenced or resentenced on or after" its effective date. *See* § 5 of 2023, Dec. 14, P.L. 381, No. 44. Newly amended Section 9771 changed the court's authority to impose a sentence of total confinement following revocation of probation. The court may only impose a sentence of total confinement if:

> (i) the defendant has been convicted of another crime;
>
> (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot

be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of evidence that the defendant committed a technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with intent to manufacture, sell or deliver, a controlled substance or other drug regulated under . . . The Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means.

42 Pa.C.S.A. § 9771(c)(1).

Although counsel's brief sets forth Appellant's issues and states some law relevant to the discretionary aspects of sentencing, it does not include an accurate statement of the law regarding the court's authority to impose a sentence of total confinement following revocation of probation, the resentencing guidelines and the applicability of the guidelines to this case. As

- 7 -

the brief states that the sentencing guidelines are not applicable to sentencing following a revocation of probation, we presume that counsel did not consider that law when evaluating Appellant's case. Because counsel has not articulated the pertinent law in the brief, the brief does not comply with ***Anders***.

Accordingly, we deny counsel's petition to withdraw without prejudice to re-file such a petition. Within 45 days of this date, counsel shall file either a new petition to withdraw and new brief pursuant to ***Anders*** or a properly developed advocate's brief.

Petition to withdraw denied. Panel jurisdiction retained.